DAMIAN WILLIAMS
United States Attorney
Southern District of New York
By:     JEANNETTE A. VARGAS
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone:  (212) 637-2678
E-mail:  Jeannette.Vargas@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUSTIN H. PHILLIPS,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES BUREAU OF THE CENSUS,<br><br>Defendant. | **ANSWER**<br><br>No. 22 Civ. 9304 (JSR) |

Defendant United States Bureau of the Census ("Defendant" or "Census Bureau"), by and through its attorney, Damian Williams, United States Attorney for the Southern District of New York, hereby answer the complaint of plaintiff Justin H. Phillips ("Plaintiff") upon information and belief as follows:

1.     Admits that the decennial census is constitutionally mandated. The rest of paragraph 1 consists of argument, to which no response is required.

2.     Admits.

3.     Admits.

4.     Paragraph 4 consists of argument, to which no response is required.  To the extent a response is required, denies knowledge of information regarding Dr. Phillips concerns or motivations, and denies the remainder of the paragraph as vague and ambiguous.

5.    Paragraph 5 consists of argument, to which no response is required.  To the extent

a response is required, admits that Defendant has not publicly released the 2020 Redistricting

Data (P.L. 94-171) Summary Noisy Measurement Persons File, and denies the remainder of the

paragraph as vague and ambiguous.  *See also DAS 2010 Demonstration Data Products*

*Disclosure Avoidance System Release*, https://github.com/uscensusbureau/census2020-das-

2010ddp (releasing source code used to create noisy measurements and post-process them into

data products to be published).

6.    Denies, except admits that Plaintiff submitted a FOIA request to the Census

Bureau on or about July 7, 2022, a true and correct copy of which is attached as Exhibit A to the

Complaint.  Defendant respectfully refers the Court to that document for a complete and accurate

statement of its contents.  Further admits that Defendant granted Plaintiff's request for expedited

processing.

7.    Denies knowledge or information as to Dr. Phillips's motivations, and denies that

Defendant violated FOIA.

## PARTIES

8.    Defendant lacks knowledge or information sufficient to form a belief as to the

allegations in Paragraph 8 of the Complaint.

9.    The first sentence of paragraph 9 sets forth conclusions of law to which no

response is required.  Admits the second sentence of paragraph 9.

## JURISDICTION AND VENUE

10.    Paragraph 10 sets forth conclusions of law, to which no response is required.

11.    Paragraph 11 sets forth conclusions of law, to which no response is required.

## FACTS

12.     Admits.

13.     Paragraph 13 consists of argument, to which no response is required.

14.     Paragraph 14 consists of argument, to which no response is required.

15.     Paragraph 15 consists of argument, to which no response is required.

16.     Paragraph 16 consists of argument, to which no response is required.

17.     The first sentence of paragraph 17 consists of argument, to which no response is required.  The second sentence sets forth conclusions of law, to which no response is required.  Admits the allegations in the third sentence of paragraph 17.

18.     Admits.

19.     Admits the allegations in the first sentence of paragraph 19.  Admits that in the past, disclosure avoidance techniques included withholding data for geographic areas with very few residents if publication of the data might reveal individual responses.  Admits that the Bureau has used more sophisticated techniques including data swapping and noise injection.

20.     Denies that disclosure avoidance techniques introduce inaccuracy into the actual enumeration.  Admits that introducing noise into certain released data products protects individual responses.

21.     Denies.

22.     Denies, except admits that Census employed a new Disclosure Avoidance System with respect to data products associated with the 2020 Census.

23.     Denies as vague and ambiguous, as it is unclear which public statements by senior Census Bureau officials are being referenced in this paragraph.

24.     Paragraph 24 consists of Plaintiff's characterization of the Census Bureau's Disclosure Avoidance System with respect to the 2020 Census, to which no response is required. To the extent a response is required, admits that Census employed a new Disclosure Avoidance System with respect to the 2020 Census, and refers the Court to *Disclosure Avoidance for the 2020 Census: An Introduction*, www2.census.gov/library/publications/decennial/2020/2020-census-disclosure-avoidance-handbook.pdf for a more complete description.

25.     Paragraph 25 consists of Plaintiff's characterization of the Census Bureau's Disclosure Avoidance System with respect to the 2020 Census, to which no response is required. To the extent a response is required, admits that Census employed a new Disclosure Avoidance System with respect to the 2020 Census, and refers the Court to *Disclosure Avoidance for the 2020 Census: An Introduction*, www2.census.gov/library/publications/decennial/2020/2020-census-disclosure-avoidance-handbook.pdf for a more complete description.

26.     Paragraph 26 consists of Plaintiff's characterization of the Census Bureau's Disclosure Avoidance System with respect to the 2020 Census, to which no response is required. To the extent a response is required, admits that Census employed a new Disclosure Avoidance System with respect to the 2020 Census, and refers the Court to *Disclosure Avoidance for the 2020 Census: An Introduction*, www2.census.gov/library/publications/decennial/2020/2020-census-disclosure-avoidance-handbook.pdf for a more complete description.

27.     Paragraph 27 consists of Plaintiff's characterization of the Census Bureau's Disclosure Avoidance System with respect to the 2020 Census, to which no response is required. To the extent a response is required, admits that Census employed a new Disclosure Avoidance System with respect to the 2020 Census, and refers the Court to *Disclosure Avoidance for the*

*2020 Census: An Introduction*, www2.census.gov/library/publications/decennial/2020/2020-census-disclosure-avoidance-handbook.pdf for a more complete description.

28.     Paragraph 28 consists of Plaintiff's characterization of the Census Bureau's Disclosure Avoidance System with respect to the 2020 Census, to which no response is required. To the extent a response is required, admits that Census employed a new Disclosure Avoidance System with respect to the 2020 Census, and refers the Court to John M. Abowd *et al.*, *The 2020 Census Disclosure Avoidance System TopDown Algorithm*, Harvard Data Science Review, Special Issue 2: Differential Privacy for the 2020 U.S. Census (June 2022), https://doi.org/10.1162/99608f92.529e3cb9 for a more complete description.

29.     Paragraph 29 consists of Plaintiff's characterization of the Census Bureau's Disclosure Avoidance System with respect to the 2020 Census, to which no response is required. To the extent a response is required, admits that Census employed a new Disclosure Avoidance System with respect to the 2020 Census, and refers the Court to John M. Abowd *et al.*, *The 2020 Census Disclosure Avoidance System TopDown Algorithm*, Harvard Data Science Review, Special Issue 2: Differential Privacy for the 2020 U.S. Census (June 2022), https://doi.org/10.1162/99608f92.529e3cb9 for a more complete description.

30.     Admits.

31.     Paragraph 31 consists of Plaintiff's characterization of the Census Bureau's Disclosure Avoidance System with respect to the 2020 Census, to which no response is required. To the extent a response is required, admits that Census employed a new Disclosure Avoidance System with respect to the 2020 Census, and refers the Court to *Disclosure Avoidance for the 2020 Census: An Introduction*, www2.census.gov/library/publications/decennial/2020/2020-census-disclosure-avoidance-handbook.pdf and John M. Abowd *et al.*, *The 2020 Census*

*Disclosure Avoidance System TopDown Algorithm*, Harvard Data Science Review, Special Issue 2: Differential Privacy for the 2020 U.S. Census (June 2022), https://doi.org/10.1162/99608f92.529e3cb9 for a more complete description.

32.    Denies, except admits that the resulting data is known as "noisy measurements."

33.    The first sentence of paragraph 33 consists of argument, to which no response is required.  Admits the allegations in the second sentence of paragraph 33 with respect to "noisy measurements" as opposed to "noisy data".  Denies the allegations in the remaining sentences of paragraph 33 as vague and ambiguous.

34.    Denies the allegations as vague and ambiguous.

35.    Paragraph 35 consists of Plaintiff's characterization of the Census Bureau's Disclosure Avoidance System with respect to the 2020 Census, to which no response is required. To the extent a response is required, admits that Census employed a new Disclosure Avoidance System with respect to the 2020 Census, and refers the Court to John M. Abowd *et al*., *The 2020 Census Disclosure Avoidance System TopDown Algorithm*, Harvard Data Science Review, Special Issue 2: Differential Privacy for the 2020 U.S. Census (June 2022), https://doi.org/10.1162/99608f92.529e3cb9 for a more complete description.

36.    Denies the allegations as vague and ambiguous.

37.    Paragraph 37 consists of argument, to which no response is required. To the extent a response is required, denies the allegations as vague and ambiguous.

38.    Admits that Census released the 2020 Census Redistricting Data (P.L. 94-171) Summary Files on August 12, 2021.  The second sentence of paragraph 38 consists of argument, to which no response is required.

39.     Denies, except admits that the Census Bureau did not release the Noisy
Measurement Files associated with the 2020 Redistricting Data (P.L. 94-171) Summary File.

40.     Denies. *See*, *e.g.*, *DAS 2010 Demonstration Data Products Disclosure Avoidance
System Release*, https://github.com/uscensusbureau/census2020-das-2010ddp (releasing source
code).

41.     Admits that Plaintiff submitted a FOIA request to the Census Bureau on or about
July 7, 2022, a true and correct copy of which is attached as Exhibit A to the Complaint.
Defendant respectfully refers the Court to that document for a complete and accurate statement
of its contents.

42.     Admits that Plaintiff requested expedited processing of his request and a waiver
of fees.

43.     Paragraph 43 consists of argument, to which no response is required.

44.     Paragraph 44 consists of argument, to which no response is required.  To the
extent a response is required, the Census Bureau admits that it is actively seeking engagement
and comments with respect to its privacy protections for the decennial Census.
https://www.census.gov/programs-surveys/decennial-census/decade/2020/planning-
management/process/disclosure-avoidance/2020-das-updates.html.

45.     Admits.

46.     Admits that Plaintiffs' requests for expedited processing and a fee waiver were
granted by email dated August 26, 2022, and respectfully refers the Court to those emails for a
complete and accurate statement of their contents

47.     Admits that a representative of the requester telephoned to discuss the request on
or around September 28, 2022.  Admits that Sarabeth Rodriguez is the FOIA analyst assigned to

the FOIA request at issue.  The remaining allegations consist of Plaintiff's characterization of the call, which requires no response.

48.     Denies, and avers that on November 16, 2022, the Census Bureau sent a letter to counsel for the Plaintiff, seeking clarification of the records sough in the FOIA request.  Further avers that on November 18, 2022, Plaintiff responded by letter to the request for clarification, and confirmed that Plaintiff was seeking two electronic files:  1) 2010 Census Production Settings Demonstration Data Product Noisy Measurement Persons File; and 2) 2020 Redistricting Data (P.L. 94-171) Summary Noisy Measurement Persons File.  Further avers that on December 1, 2022, the Census Bureau sent Plaintiff a final determination with respect to his FOIA Request, in which the Census Bureau indicated that a reasonable search had been conducted for the first item, but that it had been determined that this file had been deleted prior to the submission of Plaintiff's FOIA request; and that the second item had been withheld under FOIA Exemption 3.

## COUNT I

49.     Paragraph 49 consists of conclusions of law, to which no response is required.

50.     Paragraph 50 consists of conclusions of law, to which no response is required.  To the extent a response is required, denies that Defendant failed to comply with FOIA, except admits that the Census Bureau did not make a final determination upon the request within 20 days of its receipt.

51.     Paragraph 51 consists of conclusions of law, to which no response is required.

52.     Admits that Plaintiff submitted a FOIA request to the Census Bureau on or about July 7, 2022, a true and correct copy of which is attached as Exhibit A to the Complaint, and

admits that Defendant acknowledged receipt of that request on the same day.  The remaining allegations consist of conclusions of law, to which no response is required.

53.    Paragraph 53 consists of conclusions of law, to which no response is required.

54.    Paragraph 54 consists of conclusions of law, to which no response is required.

55.    Paragraph 55 consists of conclusions of law, to which no response is required.  To the extent a response is required, denies that Defendant is violating FOIA.

## COUNT II

56.    Admits that Plaintiff submitted a FOIA request to the Census Bureau on or about July 7, 2022, a true and correct copy of which is attached as Exhibit A to the Complaint, and admits that Defendant acknowledged receipt of that request on the same day. The remaining allegations consist of conclusions of law, to which no response is required.

57.    Paragraph 57 consists of conclusions of law, to which no response is required.

58.    Paragraph 58 consists of conclusions of law, to which no response is required.

59.    Admits.

60.    Admits that Defendant has not released any records responsive to the FOIA request, and otherwise denies.  Avers that on November 16, 2022, the Census Bureau sent a letter to counsel for the Plaintiff, seeking clarification of the records sough in the FOIA request. Further avers that on November 18, 2022, Plaintiff responded by letter to the request for clarification, and confirmed that Plaintiff was seeking two electronic files:  1) 2010 Census Production Settings Demonstration Data Product Noisy Measurement Persons File; and 2) 2020 Redistricting Data (P.L. 94-171) Summary Noisy Measurement Persons File.  Further avers that on December 1, 2022, the Census Bureau sent Plaintiff a final determination with respect to his FOIA Request, in which the Census Bureau indicated that a reasonable search had been

conducted for the first item, but that it had been determined that this file had been deleted prior to the submission of Plaintiff's FOIA request; and that the second item had been withheld under FOIA Exemption 3.

61.    Paragraph 61 sets forth conclusions of law to which no response is required.  To the extent a response is required, admits that Plaintiff has exhausted his administrative remedies.

62.    Denies.

The allegations following "WHEREFORE" constitute Plaintiff's Prayer for Relief, to which no response is required.  To the extent a response is required, Defendant denies that plaintiff is entitled to the requested relief, or to any relief whatsoever.

Any allegations not specifically admitted, denied, or otherwise answered are hereby denied.

## First Defense

The complaint fails to state a claim upon which relief can be granted.

## Second Defense

Defendant has not improperly withheld information within the meaning of FOIA.

## Third Defense

Defendant has exercised due diligence in processing Plaintiff's FOIA request, and exceptional circumstances existed that necessitated additional time for Defendant to complete processing of the Plaintiff's FOIA request. See 5 U.S.C. § 552(a)(6)(C).

## Fourth Defense

Plaintiff is not entitled to compel production of records exempt from disclosure by one or more exemptions to the FOIA, 5 U.S.C. § 552.

## Fifth Defense

Plaintiff is not entitled to compel production of records not reasonably segregable from records exempt from disclosure by one or more exemptions to the FOIA, 5 U.S.C. § 552.

### Sixth Defense

FOIA does not require the creation of new records.

### Seventh Defense

Plaintiff's FOIA request did not reasonably describe the records sought.

### Eighth Defense

The Court lacks subject matter jurisdiction over Plaintiff's request for relief to the extent that it exceeds the relief authorized under FOIA.  *See* 5 U.S.C. § 552.

### Ninth Defense

Plaintiff is not entitled to attorneys' fees and costs.

Defendant may have additional defenses which are not known at this time.  Accordingly, Defendant reserves the right to assert each and every affirmative or other defense that may be available, including any defenses available pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.

Dated:  New York, New York
       December 5, 2022

                           Respectfully submitted,

                           DAMIAN WILLIAMS
                           United States Attorney

                  By:  _/s/ Jeannette A. Vargas_
                           JEANNETTE A. VARGAS
                           Assistant United States Attorney
                           86 Chambers Street, Third Floor
                           New York, New York 10007
                           Telephone:  (212) 637-2678
                           E-mail: Jeannette.Vargas@usdoj.gov