IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUSTIN H. PHILLIPS,<br><br>    *Plaintiff*,<br><br>v.<br><br>U.S. CENSUS BUREAU,<br><br>    *Defendant*. | **PARTIES' JOINT RULE 26(f) REPORT**<br><br>No. 22-CV-09304 |

Pursuant to Federal Rule of Civil Procedure 26(f) and the Notice of Court Conference dated December 7, 2022, the parties met and conferred by videoconference on December 12, 2022. However, the parties were not able to agree on a proposed case schedule and therefore set forth each party's proposal separately.

**I.    Plaintiff's Proposed Case Schedule**

Plaintiff proposes that the Court set deadlines for discovery and dispositive motions as set out in Appendix A. Limited discovery is appropriate to resolve complex factual issues at the heart of this Freedom of Information Act ("FOIA") case.

Plaintiff requested two data files under FOIA: the 2020 Redistricting Data Summary Noisy Measurement Persons File (the "2020 NMF"), and the 2010 Census Production Settings Demonstration Data Product Noisy Measurement Persons File (the "2010 NMF"). Defendant denied access to the 2020 NMF under FOIA Exemption 3, 5 U.S.C. § 552(b)(3), relying on a separate statutory protection for census respondents' privacy. *See* Appendix B (citing 13 U.S.C. § 9(a)(2)). Defendant also denied access to the 2010 NMF, stating that it was destroyed in March 2022. *Id.* Discovery would help the Court efficiently determine (1) whether releasing the 2020

1

NMF would enable outsiders to reconstruct "the data furnished by any particular establishment or individual" in the census, 13 U.S.C. § 9(a)(2), such that FOIA Exemption 3 applies; and (2) whether Defendant destroyed the 2010 NMF lawfully and in good faith.

"The Court has authority to order discovery to determine whether withheld information falls within a FOIA exemption." *Associated Press v. U.S. Dep't of Defense*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005) (Rakoff, J.) (citing *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994)). Here, discovery is needed to test Defendant's fact-intensive defenses that releasing the 2020 NMF would compromise census respondents' privacy and that the 2010 NMF was properly destroyed. Discovery is especially appropriate because Defendant has previously claimed—contrary to its litigation position—that the 2020 NMF is privacy protected. *See, e.g.*, Statement of Michael B. Hawes, Census Bureau Senior Advisor for Data Access and Privacy, U.S. Census Bureau, Transcript, Differential Privacy 201 and the TopDown Algorithm (May 13, 2021) ("the noisy measurement step is what protects privacy in the algorithm").[1] Plaintiff therefore respectfully requests that the Court enter the proposed Civil Case Management Plan enclosed as Appendix A.

**II.    Defendant's Proposed Case Schedule**

As Plaintiff acknowledges, the agency has made a final determination with respect to the two electronic files sought by the FOIA request: it has determined that one of the electronic files was deleted months prior to the submission of Plaintiff's July 2022 FOIA request, and it has withheld the second file pursuant to Exemption 3. Accordingly, the Government requests that the Court enter a briefing schedule for cross-motions for summary judgment. The Government is prepared to file its motion for summary judgment by February 17, 2023.

---

[1] Available at https://www2.census.gov/about/training-workshops/2021/2021-05-13-das-transcript.pdf.

Rather than agreeing to a prompt resolution of this matter through cross-motions for summary judgment, as is the standard in FOIA litigation, Plaintiff instead asks this Court to enter a schedule permitting the full panoply of discovery, including requests for production, interrogatories, depositions, requests for admission, and expert discovery. But "as a general rule, discovery in a FOIA case is 'rare,'" and even "rarer" in the case where discovery is sought prior to summary judgment. *In re Clinton*, 973 F.3d 106, 113 (D.C. Cir. 2020), *cert. denied sub nom. Jud. Watch, Inc. v. Clinton*, 141 S. Ct. 1740 (2021) (citation omitted). Instead, FOIA cases are generally resolved on the basis of agency declarations submitted in support of summary judgment, without the need for discovery. *Ramaci v. FBI*, 568 F. Supp. 3d 378, 386 (S.D.N.Y. 2021). Because agency affidavits are "accorded a presumption of good faith," discovery relating to the agency's search and the exemptions it claims for withholding records is generally not permitted if the agency affidavits are sufficient. *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994). As the need for discovery cannot be determined until the Court can assess the sufficiency of the Government's affidavits, discovery prior to the filing of the Government's summary judgment motion is not appropriate. *See, e.g.*, *Taylor v. Babbitt*, 673 F. Supp. 2d 20, 23 (D.D.C. 2009) ("In the exceptional case in which a court permits discovery in a FOIA action, such discovery should only occur after the government has moved for summary judgment.").

Moreover, plaintiff has not come close to establishing the type of extraordinary circumstances required to permit discovery in a FOIA case. The Second Circuit has made clear that, for discovery to be authorized in a FOIA case, "the plaintiff must make a showing of bad faith on the part of the agency sufficient to impugn the agency's affidavits or declarations . . . or provide some tangible evidence that an exemption claimed by the agency should not apply or summary judgment is otherwise inappropriate." *Carney*, 19 F.3d at 812; *see also Pietrangelo v. U.S. Army*,

334 F. App'x 358, 360 (2d Cir. 2009) ("Once the agency has produced adequate affidavits, 'the plaintiff must make a showing of bad faith on the part of the agency sufficient to impugn the agency's affidavits or declarations,' in order to justify discovery."); *Junk v. Bd. of Governors of Fed. Rsrv. Sys.*, No. 19 CIV. 385 (DLC), 2020 WL 6782214, at *3 (S.D.N.Y. Nov. 18, 2020), *aff'd*, No. 19-3125-CV (L), 2022 WL 363776 (2d Cir. Feb. 8, 2022) ("To justify discovery, Junk 'must make a showing of bad faith on the part of the agency sufficient to impugn the agency's affidavits or declarations'"). Plaintiff has not even attempted to meet his burden of demonstrating bad faith on the part of the Government. Instead, Plaintiff cites this Court's decision in *Associated Press v. U.S. Dep't of Defense*, 395 F. Supp. 2d 17 (S.D.N.Y. 2005), as support for the proposition that the Court enjoys unfettered discretion to order discovery in a FOIA case. That decision provides no support for Plaintiff's request for discovery in this case. The Court in *Associated Press*, relying upon the aforementioned *Carney* standard, ordered discovery only after the Government filed its summary judgment papers, and after it had determined that the Government's papers did not (and could not) address whether the third parties whose privacy interests were at issue had or were willing to waive those interests. 395 F. Supp. 2d at 19-20. Nothing in the *Associated Press* case stands for the proposition that district courts have discretion to order discovery prior to the filing of summary judgment papers, or when the standard set forth in *Carney* has not been met.

   Contrary to Plaintiff's assertion that discovery will allow the Court to efficiently determine whether the asserted exemption applies to the withheld file, the most efficient case management would be to proceed directly to summary judgment. To the extent Plaintiff seeks further clarification as to the basis for the Government's assertion of Exemption 3, such information will be provided in the Government's moving declarations, which are afforded a presumption of good

4

faith.[2] If, upon consideration of the Government's motion for summary judgment, the Court determines that the Government's declarations are insufficient to establish the propriety of its claimed exemption, it can then consider whether Plaintiff has met his burden of establishing that properly tailored discovery would be appropriate under the *Carney* standard.

Dated: December 13, 2022                    Respectfully submitted,

| | |
|---|---|
| DAMIAM WILLIAMS<br>United States Attorney<br>*Attorney for Defendant* | /s/ Theresa J. Lee<br>Theresa J. Lee<br>Ruth Greenwood*<br>ELECTION LAW CLINIC<br>HARVARD LAW SCHOOL<br>6 Everett Street, Ste. 4105 |
| /s/ Jeannette A. Vargas<br>JEANNETTE A. VARGAS<br>Assistant United States Attorney<br>  for the Southern District of New York<br>86 Chambers Street, Third Floor<br>New York, New York 10003<br>(212) 637-2678<br>Jeannette.vargas@usdoj.gov | Cambridge, MA 02138<br>(617) 496-0370<br>thlee@law.harvard.edu<br>rgreenwood@law.harvard.edu<br><br>*Motion for admission *pro hac vice* pending<br><br>Jordan A. Goldstein<br>Jeffrey Zalesin<br>SELENDY GAY ELSBERG PLLC<br>1290 Avenue of the Americas<br>New York, NY 10104<br>(212) 390-9000<br>jgoldstein@selendygay.com<br>jzalesin@selendygay.com<br><br>*Attorneys for Plaintiff* |

---

[2] Moreover, although the reasons for the Government's deletion of the 2010 Census Production Settings Demonstration Data Product Noisy Measurement Persons File months prior to the submission of the instant FOIA request is not relevant to resolving this action, *see In re Clinton*, 973 F.3d at 112-13 (granting writ of mandamus with respect to district court's discovery order permitting inquiry into whether a motive for Secretary Clinton to maintain emails on a private server was to evade the requirements of FOIA, as the only relevant inquiry pertained to the actions taken by the agency following the submission of the FOIA request), Census will address the circumstances of this deletion in its moving papers as well.