UNITED STATES DISTRICT COURT
SOUTHERN DISTRCIT OF NEW YORK

| | |
|---|---|
| JUSTIN H. PHILLIPS,<br><br>*Plaintiff,*<br><br>v.<br><br>UNITED STATES BUREAU OF THE CENSUS,<br><br>*Defendant.* | No. 22-cv-09304-JSR |

## DECLARATION OF JORDAN A. GOLDSTEIN IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

I, Jordan A. Goldstein, am over the age of 18 and competent to make this declaration. Pursuant to 28 U.S.C. § 1746 and the laws of the United States, I state the following:

1. I am a member of the law firm Selendy Gay Elsberg PLLC ("SGE") and one of the attorneys for Plaintiff Justin H. Phillips in the above-captioned case. I submit this declaration based on personal knowledge, in support of the Plaintiff's application for attorneys' fees.

### Counsel's Billing Records

2. I have attached my time records for the prosecution of the FOIA proceeding as Exhibit 1. These time sheets are based on contemporaneous records and, in an effort to make a reasonable demand, do not include the work spent preparing this fee application. I undertook 6.0 hours of work in this case for which Plaintiff is seeking to recover fees, as reflected in Exhibit 1. I believe the 6.0 hours I expended were reasonable and necessary for the success of this case.

3. The work that Plaintiff's counsel have performed to date, and for which Plaintiff seeks to recover its costs and reasonable attorneys' fees, includes, among other tasks: drafting

1

pleadings and other court documents, preparing for and attending status conferences with Judge Rakoff, settlement negotiations, preliminary work with experts in advance of motion for summary judgment, and communications with Plaintiff.

4. Plaintiff does not seek to recover fees for time spent litigating this fee application.

5. The hourly rates sought for my work ($811.90 per hour) and Jeffrey Zalesin's work ($499.63 per hour) in this matter are significantly lower than the rates SGE regularly charges for my time and for Mr. Zalesin's time, respectively.

### Jordan A. Goldstein's Qualifications

6. I concurrently received my J.D. from Harvard Law School and my M.B.A. from Harvard Business School in 2002.

7. I am one of the founding partners of SGE, which was established in 2018. I currently serve as a Partner and General Counsel of SGE. My practice at SGE focuses on complex commercial disputes in federal and state courts and before arbitral tribunals. I frequently litigate on behalf of both plaintiffs and defendants. I have extensive experience conducting trials and litigating in appellate courts.

8. Before co-founding SGE, I worked as a Partner at Quinn Emanuel Urquhart & Sullivan, LLP (2010 to 2018); Special Counsel to the Assistant Attorney General in the National Security Division of the U.S. Department of Justice ("DOJ") (2008); Attorney Advisor in the Office of Legal Counsel at DOJ (2006-2008); Law Clerk to the Honorable Alex Kozinski, U.S. Court of Appeals for the Ninth Circuit (2005-2006); and Associate at Wachtell, Lipton, Rosen & Katz (2002-2005).

9. Representative matters that I have litigated in private practice include, among many others, *Federal Housing Finance Agency v. Nomura Holding America, Inc.*, 1:11-cv-06201

(S.D.N.Y.) (served as trial counsel in a one-month trial in the Southern District of New York, in which the Federal Housing Finance Agency obtained an $800 million judgment, as well as attorneys' fees, from Nomura and RBS based on findings the investment banks had made false statements to Fannie Mae and Freddie Mac in offering materials for residential mortgage-backed securities); *Knox County Pension & Retirement Board v. Allianz Global Investors US LLC*, Index No. 651233/2021 (N.Y. Sup. Ct.) (represented mutual fund shareholders who purchased, sold, or liquidated mutual fund shares managed by Allianz Global Investors U.S. LLC's Structured Property Groups from January 1, 2015, to December 31, 2020, securing a $145 million settlement); and *Kearny Investors S.A.R.L. v. Goldman Sachs & Co.*, 16-cv-09566 (S.D.N.Y.) (action against multiple investment banks based on alleging violations of federal and state securities laws arising from the issuance of SunEdison securities).

10. I am admitted to practice before several federal courts, including the U.S. District Court for the Southern District of New York and the U.S. Court of Appeals for the Second Circuit. I have been admitted pro hac vice in numerous other courts.

11. I was admitted to the New York State Bar (Bar No. 4154316) on June 20, 2003, and remain in good standing. I was admitted to the Florida Bar (Bar No. 1030913) on September 21, 2021, and remain in good standing.

12. I have not been disciplined by any state or federal bar and there are no disciplinary proceedings pending against me as a member of the bar in any jurisdiction.

### Exhibits

13. Attached to this Declaration is a true and accurate copy of Exhibit 1 – my detailed time records in this matter.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 11th day of August, 2023,

By:

Jordan A. Goldstein

# EXHIBIT 1
Plaintiff's Attorney Jordan Goldstein Time Entry Ledger

| Date | Description | Time |
|---|---|---|
| 6/14/22 | Editing FOIA request. | 0.80 |
| 10/20/22 | Edit complaint. | 1.20 |
| 10/27/22 | Edit notice of motion, memorandum of law, and ancillary papers. | 1.20 |
| 10/31/22 | Review filings for today. | 0.80 |
| 11/10/22 | Edit email to Court. | 0.30 |
| 12/12/22 | Rule 26(f) conference (.4). | 0.40 |
| 12/19/22 | Moot court for upcoming hearing. | 1.00 |
| 12/20/22 | Court hearing (.3). | 0.30 |
| **Total** | | **6.00** |