UNITED STATES DISTRICT COURT
SOUTHERN DISTRCIT OF NEW YORK

| | |
|---|---|
| JUSTIN H. PHILLIPS,<br><br>*Plaintiff,*<br><br>v.<br><br>UNITED STATES BUREAU OF THE CENSUS,<br><br>*Defendant.* | No. 22-cv-09304-JSR |

**DECLARATION OF RUTH MEREWYN GREENWOOD IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

I, Ruth Merewyn Greenwood, am over the age of 18 and competent to make this declaration. Pursuant to 28 U.S.C. § 1746 and the laws of the United States, I state the following:

1.  I am the Director of the Election Law Clinic at Harvard Law School, and one of the attorneys for Plaintiff Dr. Justin H. Phillips in the above-captioned case. I am admitted to practice in this Court on a pro hac vice basis. I submit this declaration based on personal knowledge, in support of the Plaintiff's application for attorneys' fees and costs.

**Counsel's Billing Records**

2.  I attach my time records for the prosecution of the FOIA proceeding as Exhibit 1. These time sheets are based on contemporaneous records and, in an effort to make a reasonable demand, do not include the work spent preparing this fee application. I undertook 40.1 hours of work in this case for which Plaintiff is seeking to recover fees, as reflected in Exhibit 1. I believe the 40.1 hours I expended were reasonable and necessary for the success of this case.

1

3.      The work that Plaintiff's counsel have performed to date, and for which Plaintiff seeks to recover its costs and reasonable attorney's fees, includes, among other tasks: drafting pleadings and other court documents, preparing for and attending status conferences with Judge Rakoff, settlement negotiations, preliminary work with experts in advance of motion for summary judgment, and communications with Plaintiff.

4.      Plaintiff does not seek to recover fees for time spent litigating this fee application.

### Ruth Greenwood's Qualifications

5.      I graduated with an LL.B (Hons I) / B.Sc. (Hons I) from the University of Sydney in 2005. I received my LL.M from Columbia Law School in 2009 and was a Harlan Fiske Stone Scholar. I was admitted to the New York State Bar (Bar. No. 4947966) on June 21, 2011 and remain in good standing. I was admitted to the Illinois State Bar (Bar No. 6310903) on May 9, 2013 and remain in good standing. I was admitted to the Bar of the Commonwealth of Massachusetts (Bar No. 707247) on January 6, 2021 and remain in good standing. I am also admitted to practice before the United States Supreme Court, the United States Court of Appeals for the Seventh, Eighth, Ninth, and Eleventh Circuits, and the United States District Courts for the District of Colorado, the District of Massachusetts, and the Northern District of Illinois. I have been admitted pro hac vice to a number of other state and federal courts. I have not been disciplined by any state or federal bar and there are no disciplinary proceedings pending against me as a member of the bar in any jurisdiction.

6.      In 2006, directly after graduating from law school in Sydney, I worked as a clerk (called a "tipstaff" in Australia) for the Hon. Justice R.P. Austin of the Supreme Court of New South Wales. For two years (2007, the first half of 2008, and the latter half of 2009), I worked as

a solicitor in the litigation department of the law firm now called Allens Linklaters (then called Allens Arthur Robinson).

7. I have worked in voting rights and redistricting law and advocacy since 2009. I worked as a foreign trained attorney with what is now called the Fair Elections Project from December 2009 until March 2011. During that time, I worked on voting rights advocacy projects in multiple states including writing a report *Lose Your Home; Keep Your Vote (2010)* about the possible effect of the foreclosure crisis on disenfranchisement in the 2010 elections. I then worked as a Redistricting Fellow with the Democratic National Committee's Voting Rights Institute from April 2011 to November 2012. That role included drafting multiple pre-litigation memos for possible redistricting lawsuits, assisting with briefing for the plaintiffs in *Obama for America v. Husted*, 697 F.3d 423 (6th Cir. 2012), and running the preparation for and implementation of Election Day 2012 voter protection efforts in New Hampshire.

8. From 2013-2016, I worked at the Chicago Lawyers' Committee, where I first worked as a voting rights attorney and fellow, and then served as Lead Counsel for Voting Rights. I managed the organization's Voting Rights Program, including voting rights and redistricting advocacy and litigation. In this role, I ran the organization's Election Protection program, which helped voters with questions about voting and applicable election law in Illinois. I worked on a number of redistricting matters at the Chicago Lawyers' Committee, including serving as co-counsel for Plaintiffs in *Whitford v. Gill*, a case challenging Wisconsin's state assembly map as an unconstitutional partisan gerrymander. I also successfully represented a group of residents challenging the City of Blue Island's ward map as violating the federal constitution, resulting in a new ward map that complied with Section 2 of the Voting Rights and the constitution. In 2014, I was awarded an Exceptional Service Award by the Chicago Board of Elections for my work on

Chicago Democracy Week. In 2016, I was a Civic Leadership Academy Fellow with the University of Chicago. From 2014 to 2015, I also served on the board of the nonpartisan, nonprofit Prison Policy Initiative. From 2015-2016, I also served as a board member for the Independent Map Amendment organization, which sought to establish an independent redistricting commission in Illinois.

9. In 2016, I joined the Campaign Legal Center ("CLC") as Senior Redistricting Counsel, where my work focused on redistricting and voting rights litigation and advocacy. I was then promoted to serve as a Co-Director of Voting Rights and Redistricting. In both of these roles, I served in a supervisory capacity. While at CLC, I worked on a range of complex redistricting litigation, including continuing to serve as co-counsel in *Whitford v. Gill* at both the trial and appellate phases of the case, including at the U.S. Supreme Court and on remand to the federal district court. I also served as co-counsel for Plaintiffs in *League of Women Voters of North Carolina, v. Rucho,* which challenged North Carolina's congressional map as an unconstitutional partisan gerrymander, at both the trial and appellate levels. I also represented Plaintiffs at the pre-trial and trial phases in *Holloway v. City of Virginia Beach*, a challenge to Virginia Beach's City Council districts under Section 2 of the Voting Rights Act. In 2020, I served as co-counsel to Plaintiffs in *Miller v. Thurston* and *Sinner v. Jaeger*, cases challenging signature requirements during the COVID pandemic for redistricting ballot initiatives in Arkansas and North Dakota. I presented oral arguments in the *Miller* case at the Western District of Arkansas and the Eighth Circuit. Finally, I also served as counsel on a FOIA enforcement lawsuit involving the Census Bureau, *Campaign Legal Center v. Bureau of the Census*, No. 8:20-cv-625 (D. Md. filed Mar. 6, 2020).

10. While at CLC, I also helped draft amicus briefs and/or served as amici counsel in a number of voting rights and redistricting cases, including *Benisek v. Lamone* (federal challenge to Maryland's congressional map as an unconstitutional partisan gerrymander); *Corman v. Torres* (federal challenge to remedial Pennsylvania congressional map); *Hooker v. Illinois State Board of Elections* (Illinois state supreme court challenge involving a redistricting ballot initiative petition), for which co-counsel and I won the Green Bag Award for Exemplary Legal Writing in 2016; *League of Women Voters of Pennsylvania v. Commonwealth of Pennsylvania* (Pennsylvania state supreme court case challenging state map as an unconstitutional partisan gerrymander); *In the Matter of Title, Ballot Title, and Submission Clause for Proposed Initiative 2017-2018 #69 et al* (series of Colorado state supreme court cases involving a challenge to ballot initiatives relating to state legislative and congressional redistricting); and *Cockrum v. Trump* (case involving a challenge under 42 U.S.C. § 1985(3)). I have also consulted on and helped draft language for numerous redistricting legislation and policies across the country, including independent redistricting commissions and state voting rights acts.

11. While working at CLC, I also served as an Adjunct Professor of Law at Loyola University Chicago School of Law from 2014-2019, where I taught Election Law. From 2020-2021, I served as a Lecturer in Law at Harvard Law School, where I taught the Voting Rights Litigation and Advocacy externship clinic.

12. In July 2021, I joined Harvard Law School full-time as Visiting Assistant Clinical Professor of Law and the Founding Director of the Election Law Clinic at Harvard Law School ("ELC"). In that role I serve as counsel for plaintiffs in a racial gerrymandering case, *Jacksonville Branch of the NAACP v. City of Jacksonville*, No. 3:22-cv-493 (M.D. Fl filed May 3, 2022), and I

served as counsel for plaintiffs in a mandamus action related to redistricting and elections, *Staples v. DeSantis*, No. 2021-CA-1781 (Fla. Cir. Ct. filed Oct. 15, 2021).

13. As Director of the ELC I have also helped draft amicus briefs and/or served as amici counsel in a number of voting rights and redistricting cases, including: *Johnson v Wisconsin Elections Commission*, No. 2021-AP-1450 (Wis. filed Aug. 23, 2021) (case determining the state legislative and congressional redistricting plans for the 2020 decade), *West Virginia v. Environmental Protection Agency*, No. 20-1530 (U.S. filed Apr. 29, 2021) (dealing with, *inter alia*, the non-delegation doctrine), *Harper v. Hall,* No. 413P21 (N.C. filed Dec. 6, 2021) (North Carolina Supreme Court case alleging partisan gerrymandering), *Alpha Phi Alpha Fraternity v. Raffensperger,* No. 1:21-cv-5337 (N.D. Ga. filed Dec. 30, 2021) (vote dilution claim under Section 2 of the Voting Rights Act), *Allen v. Milligan*, No. 21-1087 (U.S. filed Jan 28, 2022) (vote dilution claim under Section 2 of the Voting Rights Act), *Moore v. Harper*, No 21-1271 (U.S. filed Feb. 25, 2022) (case dealing with whether the independent state legislature theory is a defense against State Supreme Courts striking down redistricting plans as partisan gerrymanders), *Portugal v. Franklin County*, No. 21-250210-11 (Wash. Super. Ct. filed Apr. 22, 2021) and No. 100999-2 (Wash. filed June 8, 2022) (case dealing with the constitutionality of the Washington Voting Rights Act), *Borja v. Nago*, No. 22-16742 (9th Cir. filed Nov. 8, 2022) (case alleging absentee voting rule in Hawaii is a violation of the Fourteenth Amendment), *League of Women Voters of Utah v. Utah State Legislature*, No. 20220991-SC (Utah filed Feb. 28, 2023) (partisan gerrymandering claim under the state constitution).

14. I have written or co-authored a number of academic articles and chapters on the topic of voting rights and redistricting including: *Voting Rights Federalism*, Emory Law Journal (2024 Forthcoming), *Voting Under State Law*, Oxford Handbook of American Election Law (2024

Forthcoming), *Fair Representation in Local Government*, 5 Ind. J.L. & Soc. Equality 197 (2017); *Return of the States*, 40 N.Y.U. Rev. L & Soc. Change 97 (2015).

15. In addition to formal academic writing, I have also written a number of reports and articles relating to voting rights and redistricting. Some examples include *The Color of Representation: Local Government in Illinois* (2015); *Partisan Gerrymandering in 2016: More Extreme Than Ever Before* (2016); *Make Democracy Count: Ending Partisan Gerrymandering* (2016); *Designing Independent Redistricting Commissions* (2018); and *Designing State Voting Rights Acts: A Guide to Securing Equal Voting Rights for People of Color and a Model Bill* (2020). In addition, I have spoken to numerous groups and panels across the country on various voting rights and redistricting topics.

## Exhibits

16. Attached to this Declaration is a true and accurate copy of Exhibit 1 – my detailed time records in this matter.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 11th day of August, 2023,

By:

_____
Ruth Merewyn Greenwood

# EXHIBIT 1
Plaintiff's Attorney Ruth Greenwood Time Entry Ledger

| Date | Description | Time |
|---|---|---|
| 2/15/22 | Email w client about case | 0.3 |
| 2/16/22 | Draft co-counsel and retainer agreement to send to ELC and S&G team | 0.5 |
| 2/16/22 | Research past FOIA examples to give to students for drafting assistance | 0.5 |
| 9/21/22 | Discuss draft complaint with student | 0.3 |
| 9/21/22 | Review email asking for update on status | 0.2 |
| 9/22/22 | Meet with team to discuss follow up with Census Bureau and review draft complaint and motion to expedite | 1.0 |
| 9/22/22 | Email with J Bissasor about motion to expedite | 0.1 |
| 9/23/22 | Draft Meeting notes and circulate | 0.3 |
| 9/23/22 | Communicate w N Tang re possible expert list to investigate | 0.1 |
| 9/29/22 | Discuss draft complaint | 0.7 |
| 9/30/22 | Review email to client re experts | 0.1 |
| 10/3/22 | Edit complaint, leave some comments for next reviewer | 1.5 |
| 10/6/22 | Meet with team re editing complaint | 0.9 |
| 10/7/22 | Meet with possible experts for case, update team with notes | 1.5 |
| 10/13/22 | Meet with team re: upcoming filing | 1.0 |
| 10/19/22 | Review complaint and motion to expedite, leave comments | 1.0 |
| 10/19/22 | Review email on cert of service and local rules, review local rules | 0.2 |
| 10/20/22 | Meet with team re: complaint filing and motion to expedite | 1.0 |
| 10/21/22 | Draft and send email to client to update on status | 0.3 |
| 10/27/22 | Meet with J Zalesin and team re: final details of case filing plan | 1.0 |
| 10/31/22 | Email client with filed copies | 0.1 |
| 11/3/22 | Meet with team re next steps on exemptions research, experts, and discovery research | 1.0 |
| 11/7/22 | Discuss Judge Rakoff with T Lee and J Zalesin | 0.2 |
| 11/10/22 | Meet with team and J Zalesin: case status and strategy | 0.6 |
| 11/14/22 | Meet with opposing counsel, discuss possible motion to expedite | 0.4 |
| 11/14/22 | Email team re call with opposing counsel | 0.2 |
| 11/30/22 | Email team re census response upcoming | 0.2 |
| 12/7/22 | Research into NARA | 0.7 |
| 12/8/22 | Research into discovery motion and possible defenses | 4.8 |
| 12/8/22 | Draft 26f dates and email team | 0.3 |
| 12/8/22 | Team meeting to discuss 26f conference | 1.0 |
| 12/8/22 | Draft letter to send complaint to judge | 0.3 |
| 12/9/22 | Research memo for student to do on FOIA and discovery cases | 0.3 |
| 12/11/22 | Update dates for 26f | 0.3 |
| 12/15/22 | Team meeting | 0.7 |
| 12/16/22 | Draft memo on bureau claims of privacy in publications | 2.5 |
| 12/19/22 | Review hearing notes by J Zalesin add comments | 0.5 |
| 12/20/22 | 26 f conference | 0.4 |
| 12/20/22 | Post hearing debrief | 0.5 |
| 12/20/22 | Emails to experts | 0.5 |
| 1/11/23 | Email to expert re expert report | 0.1 |
| 1/11/23 | Call with J Zalesin re: next steps | 0.3 |

2

| Date | Description | Time |
|---|---|---|
| **1/18/23** | Call with opposing counsel, then follow up with co-counsel about schedule | 1.0 |
| **1/23/23** | Team meeting re J Vargas email | 0.7 |
| **1/23/23** | Draft email to J Vargas | 0.3 |
| **1/23/23** | Send email to J Vargas | 0.1 |
| **1/23/23** | Email to team about J Vargas email and update client | 0.6 |
| **1/25/23** | Pre meet and confer convo w T Lee | 1.0 |
| **1/25/23** | Meet and confer | 0.8 |
| **1/25/23** | Post meet and confer discussion w J Zalesin and T Lee and D Herndon | 0.3 |
| **1/26/23** | Teleconference with Judge's chambers to change dates | 0.5 |
| **1/26/23** | Meet with expert and then team to discuss next steps on case | 1.0 |
| **2/1/23** | Weekly meeting to discuss next steps on MSJ and FOIA follow up | 0.5 |
| **2/1/23** | Meet with expert re next steps on case | 0.5 |
| **2/15/23** | With clinic team re: drafting motion for summary judgment | 0.6 |
| **3/8/23** | Meet with team | 0.3 |
| **4/3/23** | Review TPs for call on Tues | 0.2 |
| **4/3/23** | Review and edit MSJ | 1.5 |
| **4/4/23** | Meet and confer with J Vargas | 0.6 |
| **4/6/23** | Review MSJ memo and edit, circulate to co-counsel | 0.8 |
| **4/6/23** | Review email from J Vargas | 0.1 |
| **4/7/23** | Discuss finalizing MSJ docs | 0.3 |
| **Total** | | **40.1** |