```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| JUSTIN H. PHILLIPS,<br><br>      Plaintiff,<br><br>  -v-<br><br>UNITED STATES BUREAU OF THE CENSUS,<br><br>      Defendant. | 22-cv-9304 (JSR)<br><br>OPINION AND ORDER |

JED S. RAKOFF, U.S.D.J.

On August 11, 2023, plaintiff, Justin H. Phillips, filed a motion for attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E)(i) of the Freedom of Information Act ("FOIA"). See Notice of Mot., ECF No. 21. After full consideration of the parties' written submissions, the Court hereby denies plaintiff's motion for attorneys' fees and costs.

I.  **Factual and Procedural Background**

On July 7, 2022, plaintiff, a political science professor at Columbia University, filed a FOIA request with defendant, the U.S. Census Bureau, seeking "privacy protected noisy data files for both the 2020 Census and the demonstration data pulled from the 2010 Census." Compl., ¶¶ 6, 8, 41, ECF No. 1. After 116 days in which the Census Bureau neither produced the requested documents nor provided an update about whether plaintiff's FOIA request would

1

be granted, plaintiff filed the instant lawsuit. See id. ¶ 48. Plaintiff alleged that the Census Bureau violated FOIA by failing to respond to plaintiff's FOIA request within the statutorily required timeframe and by failing to produce the requested documents. Id. ¶¶ 49-62.

On November 17, 2022, the Census Bureau sought clarification about the files that plaintiff was seeking, and the next day, plaintiff confirmed he was seeking: (1) the "2010 Census Production Settings Demonstration Data Product Noisy Measurement Persons File" and (2) the "2020 Redistricting Data (P.L. 94-171) Summary Noisy Measurement Persons File." Stipulation and Order of Dismissal ("Stipulation") at 1-2, ECF No. 20. On December 1, 2022, the Census Bureau informed plaintiff that the requested 2010 file "had been deleted prior to the submission of [the] FOIA request" and the requested 2020 file was being "withheld under FOIA Exemption 3." Id. at 2.

Thereafter, at the initial pretrial conference on December 20, 2022, the Court set a briefing schedule for summary judgment, with the Census Bureau's moving papers set to be filed on February 1, 2023. 12/20/22 Tr. at 6:22-24, ECF No. 16. On January 20, 2023, shortly in advance of its deadline to file for summary judgment, the Census Bureau "announced it would be creating and releasing to the public" a file comparable the 2010 file that plaintiff had requested. See Stipulation at 3. Then, on March 27, 2023, the

Census Bureau announced it would also be releasing a file similar to the 2020 file that plaintiff had requested. See id. at 3-4. As a result, "[p]laintiff agree[d] that the public release" of these two files "would obviate their need for the records requested in the FOIA request," and accordingly the parties agreed to dismiss the case with prejudice. Id. at 4. The promised 2010 and 2020 files were then released on April 3, 2023, and June 15, 2023, respectively. Stipulation at 3; Pl. Mem. of Law in Supp. of Mot. for Att'ys Fees and Costs ("Pl. Mem.") at 4, ECF No. 21-1.

Plaintiff now seeks $94,552.13 in attorneys' fees and $649.70 in costs that he incurred in litigating the instant case pursuant to 5 U.S.C. § 552(a)(4)(E)(i).

## II. Legal Standard

Under FOIA, "[t]he court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). Courts undertake a three-step analysis to determine whether to award attorneys' fees and costs to a plaintiff. See N.Y. Times Co. v. Cent. Intel. Agency, 251 F. Supp. 3d 710, 713 (S.D.N.Y. 2017).[1] First, the plaintiff "must . . . establish eligibility by showing that he substantially prevailed in his lawsuit." Pietrangelo v.

---

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, footnotes, and citations.

U.S. Army, 568 F.3d 341, 343 (2d Cir. 2009). Second, the plaintiff "must show that he is entitled to an award under the four criteria the court weighs in determining whether fees are appropriate: (1) the public benefit derived from the case; (2) the commercial benefit to the plaintiff; (3) the nature of the plaintiff's interest in the records; and (4) whether the Government had a reasonable basis for withholding requested information." Id. Third, "a court determines whether the fee requested by an eligible and entitled [plaintiff] is presumptively reasonable under the lodestar approach generally applied to fee applications in the Second Circuit." N.Y. Times Co., 251 F. Supp. 3d at 713.

### III. Discussion

The Census Bureau contests each step of the analysis, arguing that plaintiff is not eligible for fees, plaintiff is not entitled to fees, and plaintiff's requested fees are unreasonable. For the reasons explained below, the Court finds that although plaintiff is eligible to recover attorneys' fees and costs, plaintiff is not entitled to recover his attorneys' fees and costs.

#### A. Eligibility for Fees

Plaintiff is eligible for attorneys' fees and costs if he substantially prevailed in this lawsuit. See Pietrangelo, 568 F.3d at 343. "[S]ubstantially prevailed" is statutorily defined as "obtain[ing] relief through either -- (I) a judicial order, or an enforceable written agreement or consent decree; or (II) a

4

voluntary or unilateral change in position by the agency, if the [plaintiff's] claim is not insubstantial." 5 U.S.C. § 552(a)(4)(E)(ii). Plaintiff argues that he can satisfy both disjunctive prongs of the statutory definition.

The Court starts with plaintiff's argument that he substantially prevailed via judicial order. This "approach . . . applies to cases in which there is a 'judicially sanctioned change in the legal relationship between the parties.'" Am. Oversight v. U.S. Dep't of Just., 375 F. Supp. 3d 50, 61 (D.D.C. 2019) (quoting Davy v. C.I.A., 456 F.3d 162, 166 (D.C. Cir. 2006)). Plaintiff argues that the Stipulation, which the Court signed and entered on April 10, 2023, is a judicial order that provided relief because it required the Census Bureau to either produce "the 2020 Redistricting NMF Research Data Product by August 23" (which is the file that was ultimately released) or failing that, to produce "an unsupported file containing the noisy measurements for the 2020 Census Redistricting Data (P.L. 94-171) Summary File." See Stipulation at 4. See also Jud. Watch, Inc. v. F.B.I., 522 F.3d 364, 367-68 (D.C. Cir. 2008) (explaining that a joint stipulation order that is signed and entered by the court constitutes a judicial order for purposes of 5 U.S.C. § 552(a)(4)(E)(ii)).

The Census Bureau disagrees. Specifically, the Census Bureau argues that the Stipulation did not require it to produce either of the two files that plaintiff specifically sought in his FOIA

5

request. Instead, the order required the Census Bureau to produce a comparable research data product (which it ultimately produced)[2] or "an unsupported file containing the noisy measurements for the 2020 Census Redistricting Data (P.L. 94-171) Summary File," Stipulation at 4, neither of which is the 2020 file that plaintiff requested, which the Census Bureau still maintains is not subject to disclosure under Exemption 3. See Def. Mem. of Law in Opp'n to Pl. Mot. for Att'ys Fees and Costs ("Def. Mem.") at 13, ECF No. 22. Thus, according to the Census Bureau, because the Court-ordered relief does not match the relief specifically sought by plaintiff in his FOIA request and lawsuit, plaintiff has not substantially prevailed via judicial order.

Even crediting the Census Bureau's contention that the produced 2020 file differs from the 2020 file that plaintiff specifically requested, the Census Bureau takes an overly myopic and narrow view of what constitutes obtaining "relief" via a judicial order. Relief is "broadly" defined in 5 U.S.C. § 551(11). Conservation Force v. Jewell, 160 F. Supp. 3d 194, 202 (D.D.C.

---

[2] The Census Bureau submitted a declaration from Sallie Keller, the Chief Scientist and Associate Director for Research and Methodology at the United States Census Bureau, that explained that the produced 2020 file "differs substantially from the" 2020 file that plaintiff requested. Keller Decl., ¶¶ 1, 41, ECF No. 23. In particular, the produced 2020 file removed the confidential data that was included in the 2020 file that plaintiff requested, was in a different file format than the requested 2020 file, and included "metadata, README, and data use guidance" that was not included in the requested 2020 file. Id. ¶ 41.

6

2016) (Jackson, J.). The statute defines "relief" to include "taking of other action on the application or petition of, and beneficial to, a person." 5 U.S.C. § 551(11)(C). Thus, all that is statutorily required is that plaintiff "succeed on any significant issue in litigation which achieves *some* of the benefit the parties sought in bringing the suit." Edmonds v. F.B.I., 417 F.3d 1319, 1326 (D.C. Cir. 2005) (emphasis added).

Here, the Court-approved Stipulation granted plaintiff at least some of the benefit he sought in filing his FOIA request and lawsuit: a comparable file containing the 2020 noisy measurement data. See Stipulation at 4 ("Plaintiff agrees that the public release of . . . the 2020 NMFs Research Data Product would obviate the[] need for the record[] requested in the FOIA request."). Nor is it of any moment that the produced 2020 file removed confidential data that was included in the requested 2020 file. It is standard practice for the Government to remove confidential data from documents produced pursuant to FOIA. See Am. C.L. Union Immigrants' Rts Project v. U.S. Immigr. & Customs Enf't, 58 F.4th 643, 653 (2d Cir. 2023) ("FOIA's segregability requirement . . . instructs that 'any reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt.'" (quoting 5 U.S.C. § 552(b)). Furthermore, in his FOIA request, plaintiff acknowledged there may be a need to withhold certain portions of the requested document.

See Compl., Ex. A at 1-2, ECF No. 1-1. Accordingly, plaintiff substantially prevailed because the Court-approved Stipulation required the Government to produce a comparable file to the requested 2020 file by a date certain.

Finally, because the Court finds that plaintiff substantially prevailed via judicial order, it declines to reach whether the Census Bureau voluntarily changed its position with respect to the requested 2010 file at this step of the analysis because partial relief is sufficient to find that plaintiff is eligible to recover attorneys' fees and costs. See Edmonds, 417 F.3d at 1320-27 (finding eligibility for fees when the plaintiff prevailed on partial summary judgment requiring "the FBI to expedite the processing of her requests" but the FBI prevailed on summary judgment as to most of the documents it continued to withhold).

### B. Entitlement to Fees

Next, the Court must determine if plaintiff is entitled to fees by weighing "(1) the public benefit derived from the case; (2) the commercial benefit to the plaintiff; (3) the nature of the plaintiff's interest in the records; and (4) whether the Government had a reasonable basis for withholding requested information." Pietrangelo, 568 F.3d at 343. For the reasons explained below, the

factors weigh against awarding attorneys' fees and costs to plaintiff.

The Census Bureau only contests factors one and four. Therefore, the Court will only briefly address factors two and three. Factors two and three, "which are often considered together," N.Y. Times Co., 251 F. Supp. 3d at 713, plainly favor plaintiff because he is a professor with an academic interest in the requested files, see Kwoka v. Internal Revenue Serv., 989 F.3d 1058, 1064 (D.C. Cir. 2021) ("Congress did not intend for scholars . . . to forgo compensation when acting within the scope of their professional roles.").

Turning now to factor one, the Court must "consider[] . . . both the effect of the litigation for which fees are requested and the potential public value of the information sought." Davy v. C.I.A., 550 F.3d 1155, 1159 (D.C. Cir. 2008). The Census Bureau, for its part, does not contest the public value of the files that plaintiff requested. The requested files are valuable because they allow researchers to determine if the new algorithm, that the Census Bureau deployed to protect the confidentiality of information provided by census respondents, distorted the publicly reported Census data, which, in turn, could undermine the accuracy of subsequent research and "result in an inequitable distribution of political power and resources." Pl. Mem. at 9. However, the Census Bureau does dispute the effect of this lawsuit on its

9

decision to release the files. To determine what effect, if any, this lawsuit had, the Court must consider "whether [this lawsuit] has caused the release of the requested documents." Morley v. C.I.A., 810 F.3d 841, 844 (D.C. Cir. 2016).

Here, the Census Bureau has provided persuasive evidence that it was intending to release files containing the noisy measurements data, like those requested by plaintiff, well in advance of plaintiff filing his FOIA request and lawsuit. As early as 2019, the Census Bureau announced that it "intended to [eventually] release the noisy measurements in some format when it was deemed practical and helpful to do so." Keller Decl., ¶ 27. Then, in August 2021, 59 researchers requested that the Census Bureau release the noisy measurement files. Id. ¶ 28. See also Keller Decl., App. B, ECF No. 23-2. Within a month, the Census Bureau began taking steps to determine how to comply with the request and identified three challenges that would need to be overcome in order to release those file, namely how to protect respondent's confidential information, how to make the files it ultimately released user friendly, and how to communicate the difference between the data in the noisy measurement files and the publicly reported data in the Census to ensure the data would be used properly. Keller Decl., ¶¶ 28-31. The process to address these challenges took time and continued into 2022. Id. ¶¶ 29, 33. Importantly, all of these actions predated plaintiff's FOIA

10

request, filed in July 2022, id. ¶ 34, and thus also necessarily predated the filing of this lawsuit in October 2022.

Plaintiff, for his part, cannot point to any concrete evidence that his FOIA request or lawsuit was the catalyst for the Census Bureau ultimately releasing the two noisy measurement files that it did. All that plaintiff can point to is circumstantial evidence based on the Census Bureau's failure to respond to plaintiff's FOIA request before the filing of this lawsuit and its decision to announce it would release comparable files to those requested by plaintiff shortly in advance of court-ordered summary judgment deadlines. See Pl. Mem. at 7-8; Pl. Reply Br. in Supp. of Mot. for Att'ys Fees and Costs ("Reply Br.") at 5-7, ECF No. 26. However, in light of the evidence that the Census Bureau had already begun the lengthy process to determine how to release the noisy measurement files well in advance of plaintiff's FOIA request and lawsuit, the more probable explanation for the timing is that the Census Bureau's longstanding efforts finally came to fruition in 2023.

This is thus no more than a case of plaintiff being in the right place at the right time. Plaintiff has not presented persuasive evidence showing that his lawsuit caused the Census Bureau to release the noisy measurement files. Nor is the Court persuaded that the plaintiff should receive credit for the years of efforts by the Census Bureau, that preceded his lawsuit and

appear to have been motivated by an earlier filed request in 2021. Accordingly, the Court finds that factor one favors the Census Bureau and strongly militates against awarding plaintiff costs and fees.

Finally, the Court will address the fourth factor. Under this factor, the Court must "consider[] whether the agency's opposition to disclosure had a reasonable basis in law." Morley v. Cent. Intel. Agency, 894 F.3d 389, 392 (D.C. Cir. 2018). The relevant question under this factor "is not whether the agency's legal and factual positions were correct" but "whether the agency's positions were reasonable." Id. at 393. The burden is on the Census Bureau to illustrate "it had any colorable or reasonable basis for not disclosing the material." Davy, 550 F.3d at 1163. Here, the Census Bureau argues that it should be dispositive that its withholding of both documents was reasonable and proper, as the requested 2010 file had been deleted and the requested 2020 file was not subject to disclosure under FOIA Exemption 3. As this Court has previously explained, this factor is not dispositive, see N.Y. Times Co., 251 F. Supp. 3d at 714; however, here, it overwhelmingly favors the Census Bureau.

First, it was reasonable for the Census Bureau to deny plaintiff's request to release the 2010 file because it had previously been deleted. The 2010 file that plaintiff requested had been deleted in March 2022, prior to plaintiff's FOIA request,

because of the expense associated with maintaining a file of that size. See Def. Mem. at 4; Keller Decl., ¶ 35 ("As these were intermediate, experimental files, responsible fiscal management prompted their deletion."). Because the 2010 file had been deleted, the Census Bureau was not obligated to produce that file pursuant to FOIA. See, e.g., Piper v. U.S. Dep't of Just., 294 F. Supp. 2d 16, 21-22 (D.D.C. 2003); Landmark Legal Found. v. E.P.A., 272 F. Supp. 2d 59, 66-67 (D.D.C. 2003). Furthermore, as the Government correctly points out, its decision to recreate a comparable file to the requested 2010 file does not reflect an obligation imposed on the Census Bureau under FOIA. See Am. C.L. Union v. Dep't of Just., 681 F.3d 61, 71 (2d Cir. 2012) ("FOIA does not obligate agencies to" "creat[e] documents."). Instead, the Census Bureau's decision to recreate the file was a recognition of the academic importance of such a file. See Keller Decl., ¶ 36. Plaintiff, for his part, does not dispute the reasonableness of the Census Bureau's decision to deny his request to disclose the 2010 file.[3]

---

[3] Instead, plaintiff cites to an inapposite case, Warren v. Colvin, 744 F.3d 841, 843-45 (2d Cir. 2014), which only addressed the first step in the fee-shifting analysis and involved a concession from the Government that the plaintiff could recover the costs that he sought. See Reply Br. at 7-8.

Accordingly, the Court finds the Census Bureau's decision to withhold the requested 2010 file is reasonable.

Second, it was reasonable for the Census Bureau to deny plaintiff's request to release the 2020 file because it fell within the parameters of FOIA Exemption 3. "FOIA Exemption 3 applies to records 'specifically exempted from disclosure by statute,' provided that the statute 'requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue.'" Wilner v. Nat'l Sec. Agency, 592 F.3d 60, 71 (2d Cir. 2009) (quoting 5 U.S.C. § 552(b)(3)). As relevant here, the Census Bureau contended that the 2020 file was not subject to disclosure pursuant to Sections 8(b) and 9 of the Census Act. See Baldrige v. Shapiro, 455 U.S. 345, 355 (1982) ("Sections 8(b) and 9(a) of the Census Act . . . qualify as withholding statutes under Exemption 3."). Specifically, those statutory provisions prohibit the Census Bureau from "furnish[ing] copies of tabulations and other statistical materials which . . . disclose the information reported by, or on behalf of, any particular respondent," 13 U.S.C. § 8(b), or generally from "mak[ing] any publication whereby the data furnished by any particular establishment or individual under this title can be identified," 13 U.S.C. § 9(a)(2).

As the declaration from Dr. Keller explains, which is "accorded a presumption of good faith," Florez v. Cent. Intel. Agency, 829 F.3d 178, 182 (2d Cir. 2016), the commingled

14

confidential data (which was ultimately removed from the 2020 file that was released) and the noisy measurements themselves could not be disclosed under these statutory provisions. Keller Decl., ¶¶ 40-41. Plaintiff does not appear to take issue with the commingled confidential data being exempt from disclosure (and if he did, it would be meritless). Instead, plaintiff appears to believe that the noisy measurements themselves would not lead to the risk of disclosing respondent's information. See Pl. Mem. at 11; Reply Br. at 8. However, what plaintiff overlooks is that the Census Bureau was not able to confirm that the noisy measurements would not risk disclosure of respondent's information until after December 2022, when plaintiff's FOIA request was denied. Specifically, the Census Bureau had identified that the heightened level of "demographic detail" included in the noisy measurements could meaningfully "increase the risk of reconstruction-abetted re-identification," and it was not until March 2023, that "the empirical risk assessment" was completed such that the Census Bureau could approve the release of the noisy measurement files. Keller Decl., ¶¶ 29, 40. Accordingly, at the time it opposed disclosure, the Census Bureau had a reasonable basis for doing so, as it had not yet completed the internal processes to confirm the release of the noisy measurements would not risk re-identification. Further to the Census Bureau's credit, as soon as it was confirmed that it was safe to release the noisy

15

measurements, the Census Bureau did so. See Keller Decl., ¶¶ 38-41.

Accordingly, the Court finds that the Census Bureau had a reasonable basis for refusing to produce both the 2010 and 2020 files. Therefore, this factor weighs heavily in favor of the Census Bureau.

Weighing all the factors, the Court finds that plaintiff is not entitled to recover attorneys' fees and costs. It is not at all clear that plaintiff's lawsuit caused the Census Bureau to release the noisy measurement files, when longstanding efforts to do just that had preceded the filing of his request and lawsuit. Furthermore, the Census Bureau's decision to recreate files, which it had reasonably determined in their original state were not subject to disclosure either because the files had been previously destroyed or because it was prohibited by statute, should be rewarded, not punished with an award of attorneys' fees. Although factors two and three weigh in favor of plaintiff, his scholarly interest in the files cannot outweigh the lack of evidence that

his lawsuit caused the release of the files and the reasonableness of the Census Bureau's decision to withhold the files.

### IV. Conclusion

Accordingly, plaintiff's motion for attorneys' fees and costs is denied. The Clerk is respectfully directed to close docket entry number 21.

SO ORDERED.

Dated:   New York, NY

        January 22, 2024                    JED S. RAKOFF, U.S.D.J.